Dear Ms. Gilmore:
You have requested our opinion on the meaning of the phrase "reasonable and necessary force," as used in the portion of the domestic violence protective order form that calls on law enforcement officers to return to the custodial parent a child kept in violation of the order. Your question requires us to consider a predicate issue: whether this provision in the protective order form is authorized by law.
Our opinion is that current law does not authorize an order to law enforcement officers to forcibly return a minor child to the custodial parent. In light of this conclusion, we need not address the meaning of the phrase "reasonable and necessary force."
 I Scope of Protective Order
Under § 4-506(d)(6) of the Family Law ("FL") Article, Maryland Code, a protective order in a domestic violence case may "award temporary custody of a minor child of the respondent and a person eligible for relief." The standard protective order form used in the courts, Form DV-3, reflects this grant of authority by including a paragraph 7, in which the court orders "that custody of _______ is awarded to _________."
Your question focuses on language that immediately follows the portion of paragraph 7 awarding custody. The form order includes a box that the judge may check for the purpose of including the following provision: "Law enforcement officers are ordered to use all reasonable and necessary force to return the minor child(ren) to the custodial parent at time of service or as soon a possible after entry of this Order."[1] Nothing in FL Title 4, Subtitle 5, on domestic violence, expressly authorizes this provision.
 II Analysis
Courts have inherent authority to punish for contempt a person who has knowingly violated a court order. See, e.g.,Hitzelberger v. State, 173 Md. 435, 196 A. 288 (1938). This inherent authority is reflected in § 1-202(a) of the Courts and Judicial Proceedings Article: "A court may exercise the power to punish contempt of court or to compel compliance with its commands in the manner prescribed by the Maryland Rules or Maryland District Rules."[2] Moreover, FL, § 4-508 explicitly directs that domestic violence court orders "shall state that a violation of the order may result in . . . a finding of contempt." Therefore, violation of the custody portion of a domestic violence protective order subjects the violator to the sanction of contempt.[3]
In addition to contempt, violation of a court order may result in consequences specified by statute. Indeed, the domestic violence subtitle specifies certain consequences for violation of a protective order. FL, § 4-509(a) creates a misdemeanor offense for certain violations.[4] FL, § 4-509(b) states that violation of a protective order may subject the violator to arrest: "An officer shall arrest with or without a warrant and take into custody a person whom the officer has probable cause to believe is in violation of an ex parte order or protective order in effect at the time of the violation." FL, § 4-508 requires language in the order "that a violation of the order may result in . . . criminal prosecution . . . and . . . imprisonment or fine or both."
Nowhere in the domestic violence subtitle, however, has the General Assembly authorized the forcible taking of a child from the physical custody of someone alleged to have violated an order about custody.[5] By contrast, in another common type of case, the General Assembly has explicitly authorized direct, forcible remedial action in furtherance of a court order: A court is empowered under certain circumstances to "issue an order authorizing [an] officer to enter the premises by force" to levy goods in an action of distress. § 8-317 of the Real Property Article. There is no statutory counterpart here, and, without it, we discern no basis for the court's authority to order the forcible taking of a child.
Because current law does not authorize the language found after the check box in paragraph 7 of the protective order form, we recommend that the courts reconsider inclusion of this provision. Alternatively, of course, the General Assembly might be asked to authorize the provision.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice
[1] Although the focus of your inquiry is the protective order form, DV-3, the same language appears in Form DV-2, "Ex Parte Order for Protection from Abuse," which implements FL, § 4-505. Our analysis and conclusion are the same concerning this element of the ex parte order form.
[2] The phrase "compel compliance" evidently refers to the authority of a court to confine a person who has committed civil contempt until the individual has purged the contempt through compliance with the order. "The [civil] contempt power is a tool available to a court to compel a person to act or not to act in a specified manner." Droney v. Droney, 102 Md. App. 672, 683,651 A.2d 415 (1995). See, e.g., State v. Roll Scholl,267 Md. 714, 728, 298 A.2d 867 (1973).
[3] This opinion is not an occasion to discuss the substance or procedure of the law of contempt. See generally
Title 15, Chapter 200 of the Maryland Rules.
[4] The language is as follows: "A person who fails to comply with the relief granted in . . . a protective order under § 4-506(d)(1), (2), (3), (4), or (5) of this subtitle is guilty of a misdemeanor and on conviction is subject, for each offense, to a fine not exceeding $500 or imprisonment not exceeding 90 days or both." This criminal sanction does not extend to failure to comply with relief granted under FL, § 4-506(d)(6), which authorizes the award of temporary custody of a minor child.
[5] This opinion does not address the circumstances under which a child might be removed from a household during an investigation of child abuse or neglect. See FL, § 5-709.
 *Page 84